IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

———————————————————— )
                                                              )
AMERICAN REGISTRY OF RADIOLOGIC )
TECHNOLOGISTS,                                     )
                                                              )
        Plaintiff,                                         )
                                                              )
v.                                                            )   Civil Action No. 04 12657 MLW
                                                              )
RALPH R. NELSON,                                )   MAGISTRATE JUDGE Bowler
                                                              )
        Defendant.                                     )
                                                              )
————————————————————

RECEIPT # 104919
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. Tony
DATE 12/20/04

**COMPLAINT**

        Plaintiff the American Registry of Radiologic Technologists brings this action against

Defendant Ralph R. Nelson and for its complaint asserts as follows:

**The Parties**

        1.        Plaintiff, the American Registry of Radiologic Technologists ("ARRT"), is a

Minnesota corporation with its principal place of business at 1255 Northland Drive, St. Paul,

Minnesota 55120.

        2.        Upon information and belief, Defendant Ralph R. ("Rob") Nelson ("Nelson" or

"Defendant"), resides at 57 Charter Street, Apt. 2A, Boston, Massachusetts 02113.

**Jurisdiction and Venue**

        3.        This is an action for trademark infringement and unfair competition pursuant to

15 U.S.C. § 1125(a), and for related claims under applicable state law.

        4.        This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, and

pursuant to 28 U.S.C. §§ 1331 and 1338(b), as these claims arise under the laws of the United

States and are joined with substantial and related claims under an Act of Congress related to

trademarks. This Court has jurisdiction over ARRT's state law claims pursuant to 28 U.S.C.

§ 1367 because those claims are so related to ARRT's federal unfair competition claim, over

which this Court has original jurisdiction, that they form part of the same case and controversy

under Article III of the United States Constitution.

     5.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant Nelson

resides in this judicial district.

### Background of ARRT

     6.     ARRT is a national credentialing organization. ARRT has more than 230,000

registrants who successfully have met its educational, testing and other requirements and who

consequently have been registered by ARRT as radiologic technologists.

     7.     ARRT was founded in 1922 as the American Registry of X-Ray Technicians and

was incorporated in 1936. In 1962, ARRT adopted the name it bears today—the American

Registry of Radiologic Technologists.

     8.     From its inception, ARRT's purpose was, as it is today, to be a national

credentialing organization and registry of radiologic technologists.

     9.     ARRT is the preeminent organization in the nation that certifies and registers

radiologic technologists. ARRT is the largest organization of radiologic technologists in the

country, and is the only organization in the country that registers individuals qualified in

radiography.

     10.     Among other things, ARRT establishes educational and professional behavior

standards for radiologic technologists across the country. ARRT also develops and administers

2

examinations that identify those individuals who are qualified to practice as radiologic technologists.

11.    ARRT adopted the ARRT® trademark (the "Mark" or the "ARRT Mark") in or around 1962. Since that time, ARRT continuously has used its Mark in interstate commerce to identify those individuals who have met ARRT's educational, testing and other requirements, who consequently have been registered by ARRT, and who therefore are qualified to work as radiologic technologists.

12.    Since 1962, ARRT has distinguished its registrants from other radiologic technologists by, among other things:

(a)    providing each registrant with a certificate and credential card stating that the technologist has satisfied ARRT's educational, testing and other requirements;

(b)    granting these, and only these, individuals the right to state on resumes, job applications and other documents that they have satisfied ARRT's requirements, and that they accordingly are registered with ARRT; and,

(c)    maintaining a registry of all qualified technologists, which is used as a reference for employers and state agencies to confirm whether certain individuals have met the professional standards of a radiologic technologist.

13.    On January 26, 1977, ARRT filed an application for registration of its ARRT Mark with the United States Patent and Trademark Office ("PTO"). On April 29, 1980, the Mark was registered by the PTO on the Principal Register. A true and correct copy of the registration for the ARRT Mark is attached hereto as **Exhibit A** and incorporated herein by reference.

14.    The registration for ARRT's Mark is valid and incontestable pursuant to 15 U.S.C. §§ 1065 and 1115(b).

15.    For more than thirty-five years, ARRT has invested substantial time, money and effort in developing the goodwill associated with its Mark. Among other things, ARRT has

engaged in extensive advertising in health-related publications and other media. Moreover, ARRT is actively associated with, and known by, educational programs for radiologic technologists and other diagnostic imaging professionals.

16.     Through ARRT's efforts, the Mark has come to be recognized by the public and the health care industry as an indication that individuals registered with ARRT are qualified to work as radiologic technologists and have satisfied ARRT's rigorous educational, testing and other standards.

17.     ARRT's registry is relied on and referenced by state agencies, hospitals and health care employers nationwide as the definitive listing of those individuals qualified to work as radiologic technologists and, in particular, in radiography.

18.     Indeed, many health care facilities explicitly require that radiologic technologists must be certified by ARRT. According to Medicare and Medicaid reimbursement requirements, hospitals offering radiology services must have at least one ARRT-certified radiologic technologist on duty at all times.

19.     The Mark is a collective membership mark within the meaning of 15 U.S.C. § 1127.

20.     The Mark also is a famous mark within the meaning of 15 U.S.C. § 1125(c).

4

## Defendant Nelson's History with ARRT

21.     Defendant Nelson was certified by ARRT in July of 1993 as a radiologic technologist. His ARRT number was 261253. He was subsequently registered with ARRT, as well.

22.     As ARRT uses the terms, there is a key difference between certification and registration. An individual having satisfied the requirements for certification described in the *ARRT Rules and Regulations*, such as taking an examination, is awarded a certificate attesting to the fact that the requirements were met and that the individual is, therefore, certified by ARRT. An individual is registered with ARRT as a person having met the certification requirements, as well as the additional requirements for continued registration, such as taking a certain number of Continuing Education ("CE") courses within a certain time period, and meeting ARRT's ethics requirements. Registration must be renewed on an annual basis.

23.     In February of 1996, Defendant Nelson's ARRT registration was dropped when he failed to renew it.

24.     On November 15, 2001, over five years after Nelson's ARRT registration had been dropped, ARRT received a facsimile from Mount Auburn Hospital in Cambridge, Massachusetts, requesting confirmation of Nelson's ARRT status (the facsimile is attached hereto as **Exhibit B**). From communications with the hospital, ARRT learned that when asked by Mount Auburn to provide a copy of his current ARRT registration, Nelson falsely represented himself as being registered with ARRT as of December 1999. *See* **Exhibit C** (letter from Mount Auburn Hospital to the ARRT dated November 16, 2001). Indeed, Nelson provided the hospital with a purported ARRT registration certificate that indicated he had been registered with ARRT in 1999, which he had not. ARRT did not create or authorize the creation of that false certificate.

25.    ARRT sent a letter to the Mount Auburn Hospital on November 15, 2001,

explaining that Nelson was not currently registered with ARRT, and had not been since February

1996 (the letter is attached hereto as **Exhibit D**).

26.    On November 16, 2001, ARRT sent to Nelson a "cease and desist" letter, which
stated:

> [ARRT] has received information that you have presented an ARRT
> certificate to Mt. Auburn Hospital, indicating you were registered in
> 1999 as a radiologic technologist with the ARRT when that is not the
> case, for the apparent purpose of employment an resulting financial
> gain. The ARRT owns all legal rights to its name and initials ARRT
> and to their use. We believe it is clear that your misrepresentation of
> ARRT certification and/or registration under the circumstances (a) is
> false, deceptive, and misleading and, as such, is specifically
> prohibited by federal and applicable state laws, (b) unlawfully
> infringes ARRT's trade name and marks and its copyrights in and to
> its name and its initials in violation of federal and applicable state
> laws, (c) is a crime under federal law and, perhaps, under applicable
> state laws as well, and (d) could, if believed and acted upon by a
> potential employer, seriously jeopardize the health and safety of
> members of the public to whom, solely because of fraudulent
> misrepresentation of your qualifications as a radiologic technologist
> registered by the ARRT, you might be permitted to provide health
> care services. Your unlawful action could subject you to substantial
> civil damages, to criminal prosecution, and upon conviction, to
> severe criminal fines and penalties. ARRT demands that you
> immediately cease and desist from falsely representing yourself as
> being registered by ARRT and from presenting any invalid ARRT
> documents to any person, for any purpose whatsoever.
>
> This information will be brought to the attention of the ARRT Ethics
> Committee at their next meeting for review. This communication
> serves as notice of said review and possible adverse action as well as
> an opportunity to provide additional relevant information to the
> Ethics Committee. Please provide any explanation of the situation to
> my attention within 30 days of the date of this letter. Failure to send
> additional clarifying information will result in a decision of the
> Committee being based on the information on hand.
>
> Your cooperation as we address this matter will be appreciated.

**Exhibit E**. This letter was sent to Defendant Nelson via Certified Mail, and he signed the receipt

for it. *See* **Exhibit F**.

27.    On November 21, 2001, in response to the cease and desist letter sent by ARRT, Nelson sent a letter to ARRT providing his explanation for his apparent misrepresentation, which is attached hereto as **Exhibit G**.

28.    On February 14, 2002, the ARRT Ethics Committee sent a letter to Defendant Nelson, informing him among other things that the Committee believed he violated ARRT's Rules and Regulations and/or the Standards of Ethics, and that it would be recommending a revocation of his ARRT certification. That letter is attached hereto as **Exhibit H**. The letter also informed Nelson that after the revocation decision became final, any ARRT credential card or certificate in his possession "will become invalid and you will no longer hold certification with the ARRT." Exhibit H at 1. The letter further instructed Nelson that his printed ARRT credential card and any ARRT certificate remained the property of ARRT and "shall be returned to the ARRT." *Id*. The revocation of Nelson's ARRT certification became final and effective in March 2002.

29.    On August 5, 2002, ARRT received from TechStat, a Healthcare Staffing agency located in Massachusetts, a facsimile which included an employee application for "Rob R. Nelson." The facsimile is attached hereto as **Exhibit I**. The application indicated that Mr. "Rob R. Nelson" was registered with ARRT, and listed his ARRT number as 261253. This is the same ARRT number that Defendant Ralph R. Nelson had previously been assigned by ARRT. The application also indicated that Rob R. Nelson's registration was valid through February 2003.

30.    On August 5, 2002, ARRT responded to the facsimile from TechStat, and informed TechStat that Mr. Ralph R. Nelson, ARRT number 261253, was neither registered nor certified with ARRT. This letter is attached hereto as **Exhibit J**.

31.    On April 22, 2003, the Massachusetts Office of Health and Human Services, Department of Public Health, Radiation Control Program, sent a facsimile to the ARRT Ethics Department, inquiring among other things about the ARRT status of Ralph Nelson, ARRT# 261253. This letter is attached hereto as **Exhibit K (redacted in part)**. ARRT responded by a letter dated April 28, 2004, stating that Nelson's ARRT certification had been revoked, based on misrepresentation of his ARRT registration. This letter is attached hereto as **Exhibit L (redacted in part).**

32.    On October 7, 2004, ARRT received a telephone call from Whidden Memorial Hospital in Everett, Massachusetts, requesting information on Nelson's ARRT status. ARRT also received a facsimile from Whidden Memorial that included a copy of Nelson's ARRT certification, which he had apparently provided to Whidden Memorial. This facsimile is attached hereto as **Exhibit M**. In response, also on October 7, 2004, ARRT sent a response to Whidden Memorial, stating among other things that Nelson's ARRT certification had been revoked in 2002 for misrepresenting himself as an ARRT registered technologist. This letter is attached hereto as **Exhibit N**.

33.    On October 8, 2004, ARRT called the Massachusetts Department of Public Health, the Radiation Control Program, to ask about the status of Nelson's state license to practice radiologic technology. The Department representative told ARRT that Nelson had a valid state license, and requested that ARRT explain why Nelson's ARRT certification had been revoked. ARRT did this via an e-mail, also dated October 8, 2004, which is attached hereto as **Exhibit O**. Among other things, ARRT wrote that Nelson's ARRT certification had been revoked in 2002 for misrepresentation of his status as an ARRT-registered radiologic technologist.

8

34.    On October 20, 2004, ARRT sent a letter to Defendant Nelson, informing him that ARRT possessed information demonstrating that he continued to use the ARRT Mark (by using his ARRT certificate) even though he was neither registered or certified with ARRT. This letter is attached hereto as **Exhibit P**. ARRT also informed Nelson that it would vigorously pursue such continued violations of its protected trademark, including the possibility of filing a legal action. In lieu of immediately filing an action, ARRT offered Nelson a Settlement Agreement, but told Nelson that if he did not agree to the settlement by December 1, 2004, ARRT would seek resolution of the matter through the United States District Court. The October 20, 2004, letter was sent to Nelson via Certified Mail, and he signed for it. *See* **Exhibit Q**.

35.    Nelson did not respond to ARRT's October 20, 2004, letter.

## COUNT I

### Federal Trademark Infringement – Section 32(1)(a) of the Lanham Act

36.    ARRT restates and incorporates herein by reference the averments set forth in paragraphs 1 through 35 of this Complaint.

37.    As set forth above, Defendant Nelson has, without ARRT's consent, used in commerce a reproduction, counterfeit, copy or colorable imitation of ARRT's Mark in connection with his offer and sale of his services as a radiologic technologist. Nelson's unauthorized use of the ARRT Mark is likely to cause, and has caused, confusion and mistake, and is likely to deceive, and has deceived, the consuming public as to the affiliation, connection, or association of Defendant Nelson's with ARRT, and as to the sponsorship or approval of Defendant Nelson's commercial activities by ARRT.

9

38.    Nelson's actions constitute violations of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

39.    ARRT has been and will continue to be damaged by Defendant Nelson's unauthorized use of the ARRT Mark.

40.    As a direct and proximate result of Nelson's deliberate and intentional infringement, ARRT has suffered and continues to suffer irreparable harm for which ARRT has no adequate remedy at law.

41.    Nelson's deliberate and intentional infringement makes this an exceptional case under 15 U.S.C. § 1117(a)(3).

## COUNT II

### Federal Trademark Infringement – Section 43(a) of the Lanham Act

42.    ARRT restates and incorporates herein by reference the averments set forth in paragraphs 1 through 35 of this Complaint.

43.    Defendant Nelson's actions in using the ARRT® trademark constitute a false designation of origin, sponsorship, or approval in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44.    Defendant Nelson's wrongful conduct, in connection with the offer and sale of his services as a radiologic technologist, misrepresents the nature, characteristics and/or qualities of Defendant Nelson's commercial activities.   Nelson's infringement has been and continues to be willful and in bad faith because he has continued to infringe despite actual knowledge of ARRT's rights.

45.    ARRT has been and will continue to be harmed by Defendant Nelson's wrongful conduct.

10

46.    As the direct and proximate result of Defendant Nelson's deliberate and intentional infringement, Defendant has unlawfully profited and ARRT has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT III

### Common Law Trademark Infringement

47.    ARRT restates and incorporates herein by reference the averments set forth in paragraphs 1 through 35 of this Complaint.

48.    Nelson's unauthorized use of the ARRT Mark constitutes an infringement of ARRT's common law trademark rights.

49.    ARRT has been and will continue to be harmed by Defendant Nelson's wrongful conduct.

50.    As the direct and proximate result of Defendant Nelson's deliberate and intentional infringement, Defendant has unlawfully profited and ARRT has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT IV

### Federal Dilution

51.    ARRT restates and incorporates herein by reference the averments set forth in paragraphs 1 through 35 of this Complaint.

52.    The ARRT Mark is famous, within the meaning of Section 43(c) of the Lanham Act, 14 U.S.C. § 1125(c).

53.    Defendant Nelson began his misuse of the ARRT Mark long after the ARRT Mark had become famous.

54.    Nelson's unauthorized use of the ARRT Mark has caused, and will continue to cause, dilution of the distinctive quality of the ARRT Mark.

55.    In deciding to misuse and misappropriate the ARRT Mark, Defendant Nelson willfully intended to trade upon ARRT's reputation or to cause dilution of the ARRT Mark.

56.    Nelson's wrongful conduct, as set forth herein, constitutes a violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

57.    ARRT has been and will continue to be harmed by Defendant Nelson's wrongful conduct.

58.    As the direct and proximate result of Defendant Nelson's deliberate and intentional infringement, Defendant has unlawfully profited and ARRT has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT V

### Federal Unfair Competition

59.    ARRT restates and incorporates herein by reference the averments set forth in paragraphs 1 through 35 of this Complaint.

60.    Defendant Nelson's wrongful conduct, as set forth herein, in connection with his offer and sale of his services as a radiologic technologist, is likely to cause, and has caused, confusion and mistake, and is likely to deceive, and has deceived, the consuming public as to the affiliation, connection, or association of Defendant Nelson with ARRT, and as to the sponsorship or approval of Nelson's commercial activities by ARRT.

61.    Nelson's wrongful conduct, as set forth herein, constitutes a violation of Section 43(c) of the Lanham Act, 14 U.S.C. § 1125(a).

62.    Defendant Nelson's wrongful conduct, in connection with his offer and sale of his services as a radiologic technologist, misrepresents the nature, characteristics or qualities of Defendant's commercial activities.

63.    ARRT has been and will continue to be harmed by Defendant Nelson's wrongful conduct.

64.    As the direct and proximate result of Defendant Nelson's deliberate and intentional infringement, Defendant has unlawfully profited and ARRT has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, ARRT demands a judgment in its favor and demands the following relief:

A.    An Order prohibiting and permanently enjoining Defendant Nelson from using the ARRT Mark or representing in any manner, including but not limited to orally and in writing, that he is registered or certified by ARRT, or representing that he is affiliated with ARRT in any other manner.

B.    A decree ordering an accounting by Defendant Nelson to establish all profits he has realized as a result of the wrongful acts set forth in this Complaint.

C.    Judgment against Defendant Nelson specifically including but not limited to the following, to the extent allowed by law (including 15 U.S.C. §§ 1114, 1117, and 1125): (1) actual monetary damages sustained by ARRT; (2) the profits unlawfully earned by Defendant Nelson as a result of his unlawful acts, as set forth herein; (3) treble damages; (4) costs and prejudgment interest; and, (5) attorneys' fees.

13

D.    Such other and further relief as the Court deems appropriate and just under the

circumstances.

Respectfully submitted,

DATED: December 20, 2004

CHOATE HALL & STEWART

By: _____
    Robert M. Buchanan, Jr. (Bar No. 545910)
    Mark S. Freeman (Bar No. 636290)
53 State Street
Boston, Massachusetts 02109-2804
Telephone: (617) 248-5027
Facsimile: (617) 248-4000


AND

DORSEY & WHITNEY LLP

James K. Langdon II (MN Bar No. 0171931)
Kimberly Fuhrman (MN Bar No. 0301772)
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN  55402-1498
Telephone: (612) 340-2600
Facsimile:  (612) 340-8800

*Attorneys for Plaintiff*
*American Registry of Radiologic Technologists*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)___American Registry of Radiologic Technologists v. Ralph___
R. Nelson

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

[ ]  I.  160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

[✓]  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

[ ]  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

[ ]  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

[ ]  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                    YES [ ]    NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)
                                                                    YES [ ]    NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                    YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                    YES [ ]    NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                    YES [✓]    NO [ ]

   A.  If yes, in which division do all of the non-governmental parties reside?
       Eastern Division [✓]    Central Division [ ]    Western Division [ ]

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,  residing in Massachusetts reside?
       Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                    YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Mark S. Freeman
ADDRESS  Choate, Hall & Stewart, 53 State Street, Boston, MA  02109
TELEPHONE NO.  617-248-5000

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

American Registry of Radiologic Technologists

**(b)** County of Residence of First Listed Plaintiff **Ramsey**
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Ralph R. Nelson

County of Residence of First Listed **Suffolk**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Mark S. Freeman, Choate Hall & Stewart, 53 State Street, Boston MA 02109    617-248-4708

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☒ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | & Disclosure Act | | Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| | | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | State Statutes |
| | | ☐ 555 Prison Condition | | | ☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

This is an action for trademark infringement and unfair competition pursuant to 15 U.S.C. Section 1125(a), inter alia, and for related claims under state law.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ To be determined    CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE  12/20/04

SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

U.S. Cl.: 200

Reg. No. 1,134,334

**U.S. Patent and Trademark Office**

Reg. Apr. 29, 1980

## COLLECTIVE MEMBERSHIP MARK
### Principal Register

### ARRT

The American Registry of Radiologic Technologists (Illinois corporation)
2600 Wayzata Blvd.
Minneapolis, Minn. 55405

For: Indicating Membership in an Applicant Association of Radiologic Technologists (U.S. Cl. 200).
First use July 1, 1962; in commerce July 1, 1962.
Owner of U.S. Reg. No. 779,203.

Ser. No. 113,655. Filed Jan. 26, 1977.

MARTIN MARKS, Examiner

11/15/2001 THU 10:26 FAX                                        ☑001

Department of Interventional Radiology
330 Mount Auburn Street
Cambridge, MA 02238
Phone: 617-499-5798
Fax: 617-499-5649

**Mount Auburn
Hospital**

# Fax

**To:** _Tom Kraker_     **From:** Interventional Radiology  _Jennifer Levesque_

**Fax:** 617-499-5649     **Date:** _November 15, 2001_

**Phone:** 617-499-5798     **Pages:** _2_

**Re:** _Current Status of Registration on Ralph R Nelson_

☑ **Urgent**   ☐ **For Review**   ☐ **Please Comment**   ☐ **Please Reply**   ☐ **Please Recycle**

## IMPORTANT – PLEASE NOTE

The documents accompanying this fax transmission contain certain confidential or privileged information from Mount Auburn Hospital. The information is intended to be for the sole and exclusive use of the individual or entity named on this transmission sheet. If you are not the intended recipient, or have received this fax in error, you are notified that any use of the contents of this fax including dissemination or copying is strictly prohibited. If you have received this fax in error, please notify us immediately. Thank-you

_Tom enclosed on page 2 is a fax of
the copy of the ARRT Certification presented
to me by Ralph "Rob" Nelson.
Please confirm his current status.
Thank-You
Jennifer B Levesque RT(R)(CV)
Supervisor, Interventional Radiology_

11/15/2001 THU 10:28 FAX

Ø002

# THE AMERICAN REGISTRY
## OF RADIOLOGIC TECHNOLOGISTS

ST. PAUL, MINNESOTA

Representative of

The American College of Radiology and

The American Society of Radiologic Technologists

HEREBY CERTIFIES THAT

## Ralph R. Nelson

has pursued an approved educational program in Radiography, has met certain standards and qualifications and has  passed the examinations conducted under authority of this Registry, and is thus qualified as a

### Radiographer

and by virtue of this certificate is authorized to use the title Registered Technologist and its abbreviation R.T. (R) (ARRT) as long as this certificate is in force as is indicated by the date appearing on the seal hereon attached.



EXECUTIVE DIRECTOR

Certificate Number 281253



M  O  U  N  T      A  U  B  U  R  N      H  O  S  P  I  T  A  L

November 16, 2001

RE: Certification for Ralph Nelson

CONFIDENTIAL

Linda Black
American Registry of Radiologic Technologists
1255 Northland Drive
St. Paul, MN  55120-1155


Dear Ms. Black:

At your request as per our conversation today I am enclosing the Photostat copy of a certification document presented to me by Ralph "Rob" Nelson. Although difficult to read if you carefully examine this document you will find that the middle seal reads "December 1999" and the bottom seal reads "February 1995". This is the actual document presented to me when I requested a copy of his current ARRT certification.

*Jennifer B. Levesque RT(R)(ev)*

Jennifer B. Levesque, RT(R)(CV)(ARRT)
Supervisor, Interventional Radiology



A community teaching          A member of CareGroup          330 Mount Auburn Street
hospital of Harvard                                           Cambridge, MA 02138
Medical School                                                (617) 492-3500

# THE AMERICAN REGISTRY
# OF RADIOLOGIC TECHNOLOGISTS

ST. PAUL, MINNESOTA

Representative of

The American College of Radiology and
The American Society of Radiologic Technologists

HEREBY CERTIFIES THAT

## Ralph R. Nelson

has pursued an approved educational program in Radiography, has met
certain standards and qualifications and has  passed the examinations
conducted under authority of this Registry, and is thus qualified as a

## Radiographer

and by virtue of this certificate is authorized to use the title Registered
Technologist and its abbreviation R.T. (R) (ARRT) as long as this
certificate is in force as is indicated by the date appearing on the seal
hereon  attached.

Certificate Number  261253

EXECUTIVE DIRECTOR

–4–

# The American Registry of Radiologic Technologists



1255 Northland Drive • St. Paul, Minnesota 55120-1155 • (651) 687-0048 • www.arrt.org

November 15, 2001

Jennifer Levesque, R.T.(R)(CV)(ARRT)          By fax only:  (617) 499-5102
Supervisor, Interventional Radiology
Mount Auburn Hospital
330 Mount Auburn Street
Cambridge MA  02238

RE:     Registration status of:          Ralph R. Nelson
                                         ARRT # 216253

Dear Ms. Levesque:

You requested the status of ARRT registration for the individual identified above.  A
review of ARRT records indicates that Mr. Ralph Nelson, ARRT # 216253, is not
currently registered with the ARRT.  He has not been registered with the ARRT since
February 1996.

If I can provide any further clarification, please contact me.

Sincerely,

Thomas Kraker, M.Ed., R.T.(R)(ARRT)
Assistant Executive Director

# CONFIDENTIAL

---

*Recognizing Individuals Qualified in the Use of Ionizing and Non-Ionizing Radiation to Promote High Standards*

------------------ TRANSMISSION RESULT REPORT ------------(NOV 15 '01  09:58AM)------------
-5-                           ARRT
                                                                    (AUTO) ----------------

| DATE | START TIME | REMOTE TERMINAL IDENTIFICATION | TIME | RE-SULTS | MODE | TOTAL PAGES | PERSONAL LABEL | FILE NO. |
|------|-----------|-------------------------------|------|----------|------|-------------|----------------|----------|
| | | | | | | | | 008 |
| NOV 15 | 09:57AM | 617 499 5102 | 00'27" | OK | ES | 01 | | |

E)ECM  >)REDUCTION  S)STANDARD  @)FORWARDING  M)MEMORY  C)CONFIDENTIAL  #)BATCH
                   D)DETAIL                            $)TRANSFER
                   F)FINE                              P)POLLING

-6-

# The American Registry of Radiologic Technologists

1255 Northland Drive • St. Paul, Minnesota 55120-1155 • (651) 687-0048 • www.arrt.org

November 16, 2001

Ralph R. Nelson                                                    #261253
57 Charter St.  #2A
Boston, MA  02113

Dear Mr. Nelson:

The American Registry of Radiologic Technologists has received information that you
have presented an ARRT certificate to Mt. Auburn Hospital, indicating you were
registered in 1999 as a radiologic technologist with the ARRT when that is not the case,
for the apparent purpose of employment and resulting financial gain.  The ARRT owns
all legal rights to its name and initials ARRT and to their use.  We believe it is clear that
your misrepresentation of ARRT certification and/or registration under the circumstances
(a) is false, deceptive, and misleading and, as such, is specifically prohibited by federal
and applicable state laws, (b) unlawfully infringes ARRT's trade name and marks and its
copyrights in and to its name and its initials in violation of federal and applicable state
laws, (c) is a crime under federal law and, perhaps, under applicable state laws as well,
and (d) could, if believed and acted upon by a potential employer, seriously jeopardize
the health and safety of members of the public to whom, solely because of fraudulent
misrepresentation of your qualifications as a radiologic technologist registered by the
ARRT, you might be permitted to provide health care services.  Your unlawful action
could subject you to substantial civil damages, to criminal prosecution, and upon
conviction, to severe criminal fines and penalties.  ARRT demands that you immediately
cease and desist from falsely representing yourself as being registered by ARRT and
from presenting any invalid ARRT document to any person, for any purpose whatsoever.

This information will be brought to the attention of the ARRT Ethics Committee at their
next meeting for review.  This communication serves as notice of said review and
possible adverse action as well as an opportunity to provide additional relevant
information to the Ethics Committee.  Please provide an explanation of the situation to
my attention within 30 days of the date of this letter.  Failure to send additional clarifying
information will result in the decision of the Committee being based on the information
on hand.

Your cooperation as we address this matter will be appreciated.

As authorized by the Ethics Committee,


Linda Black, B.S.R.T.(R)(M)(ARRT), FASRT
Division of Regulatory Services

–7–

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *"Return Receipt Requested"* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address
2. ☒ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

Ralph R. Nelson
57 Charter St #2A
Boston, MA 02113

4a. Article Number
Z 464 - 429 - 295

4b. Service Type
- ☒ Registered          ☒ Certified
- ☐ Express Mail       ☐ Insured
- ☒ Return Receipt for Merchandise   ☐ COD

7. Date of Delivery
11-21-01

5. Received By: *(Print Name)*

6. Signature: *(Addressee or Agent)*
X *Ralph Nelson*

8. Addressee's Address *(Only if requested and fee is paid)*

PS Form 3811, December 1994     102595-98-B-0229     Domestic Return Receipt

*Is your RETURN ADDRESS completed on the reverse side?*

*Thank you for using Return Receipt Service.*

---

Z 464 429 295

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail *(See reverse)*

Sent to
Ralph Nelson

Street & Number
57 Charter St #2A

Post Office, State, & ZIP Code
Boston MA 02113

| | |
|---|---|
| Postage | $ .34 |
| Certified Fee | 2.16 |
| Special Delivery Fee | |
| Restricted Delivery Fee | 3.20 |
| Return Receipt Showing to Whom & Date Delivered | 1.50 |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ 7.14 |
| Postmark or Date | 11/16/01 |

PS Form 3800, April 1995

–10–

*Rob Nelson*

*57 Charter Street*
*Apt. 2A*
*Boston, MA.,*
*02113*
*(617) 624-0103*

November 21, 2001

Linda Black
Division of Regulatory Services
The American Registry of Radiologic Technologists
1255 Northland Drive
St. Paul, Minnesota
55120-1155

Dear Linda Black,

Here is a brief explanation of the situation:

I received my radiology training in the Air Force. I completed school at Sheppard A.F.B., in Witchita Falls, Texas. As an x-ray technologist, I received the Military Order of World Wars Certificate of Merit for Leadership, the Air Force Superior Training ribbon, and the Leadership ribbon. I received an honorable discharge.

I then worked at Grandview and Southview hospital in Dayton, Ohio, where my x-wife is from. While working two jobs in Dayton supporting my wife and kids, my wife and her boyfriend backed a u-haul truck up to the back door of my rental house and stole absolutely everything, and took the kids. Due to the difficulty I was having surviving that, my x-ray friends recommended I move back to my hometown of Boston.

The State of Massachusetts issued to me a license with an expiration date of February 28, 1999. I then went to work at the New England Baptist Hospital. I provided the Baptist a photocopy of the Mass. license and the American Registry of Radiologic Technologists certificate. Not once did anyone from the state or from the Baptist indicate that there was anything whatsoever wrong with my license.

I then went to Beth Israel hospital to get back into C.T. Again I provided them a photo-copy of my state license and the ARRT certificate. And again,

-11-

to this day, no one has said anything about any problem with my license.

I have also worked in either General Diagnostic, Cat Scan and/or Specials at the Mass. General hospital, Mass. Eye and Ear, and Salem Hospital. At each location I provided a copy of the Mass. license and a copy of the ARRT certificate. Not once did anyone ever mention there was a problem with my license.

Then an x-ray tech friend talked me into going to Mount Auburn hospital. So I did exactly what I had always done because I was unaware of any problem. I provided Mount Auburn with a copy of my state license and a copy of the ARRT certificate. I worked in General Diagnostic for a while, then asked if I could work in Specials. Then on Friday I was informed for the first time that there was a problem.

You wrote in your letter, " indicating you were registered in 1999 as a Radiologic Technologist with the ARRT when that is not the case." The date of expiration on the Massachusetts license is February 28, 1999. After mailing my ARRT certificate to the state and being issued a license, and after working at the Baptist where they "checked" my licensure, there was no reason for me to think there was a problem with my license.

And after working at almost every major hospital in Boston, with my licensure "checked" before I could work, I didn't think there was a problem.

You also wrote in your letter, " qualifications as a radiologic technologist." I am one of the most compassionate, technically competent x-ray technologists in the region. I have enclosed my latest job performance review to demonstrate that no employer has had a problem with my competence. I would not have been able to work everywhere I have if I did not have a great reputation. A reputation I have earned.

Obviously, I have been remiss on my annual renewal fees. I never received any notification on my birthday month, and quite honestly, the battle I have been under going to get my kids back (which all my x-ray tech friends know about) has been a large mental distraction. For this I am truly sorry.

In conclusion, I know many x-ray technologists who really do not like what they do for a living. As my friends will tell you, I love being an x-ray technologist. It is what I want to spend my life doing. And as my performance review indicates, I am a very good, competent x-ray tech. Please let me be an x-ray technologist.

-12-

I have included copies of :

1. Notice of Certification by the ARRT

2. Massachusetts Certificate of License with expiration date February 28, 1999

3. Massachusetts Certificate of License with expiration date February 28, 2001

4. Employee Performance and Development Review from Beth Israel for the annual review period March 2001.

5. Radiation Protection CEU dated November 9, 2000

6. Radiation Protection CEU dated October 17, 2001

7. BLS for Healthcare Provider Program dated 2/27/01.

8. Employment offer from the New England Baptist Hospital

9. Employment offer from the Massachusetts Eye and Ear Infirmary

10. Employment offer from Beth Israel Deaconess Medical Center

11. Employment offer from the North Shore Medical Center

12. My resume

Sincerely,
Rob Nelson

–31–

# The American Registry of Radiologic Technologists



1255 Northland Drive • St. Paul, Minnesota 55120-1155 • (651) 687-0048 • www.arrt.org

February 14, 2002

Ralph R. Nelson                                        #261253
57 Charter St. #2A
Boston, MA 02113

Dear Mr. Nelson:

The Ethics Committee of the ARRT considered all information at hand concerning your violation of the ARRT Rules and Regulations and/or Standards of Ethics at its recent meeting.

The ARRT may revoke the certificate of any individual who does not meet or who does not continue to meet the qualifications for registration set forth in the Rules and Regulations or in the Standards of Ethics. It was the consensus of the Ethics Committee that you have violated the Rules and Regulations and/or the Standards of Ethics.

The Ethics Committee based this decision upon the following information:

You presented an ARRT certificate to Mt. Auburn Hospital that was not registered. This is considered misrepresentation of your registration status with the ARRT in that an employer could presume that you were registered with the ARRT when that was not the case. This is a violation of the ARRT Standards of Ethics, rule numbers one and twenty.

It was the decision of the Committee to recommend revocation of your certification in all categories as issued by the ARRT. By this letter, you are being notified of this proposed action.

Please refer to the enclosed Standards of Ethics, C. Administrative Procedures, 2. Hearings, for information regarding further consideration by the Ethics Committee. Although we have no desire to discourage you from exercising your right to a hearing, you should know that generally speaking a hearing is unlikely to help your cause unless the evidence shows that in fact there was no misrepresentation. Historically, if it has been determined in the hearing that misrepresentation occurred, the Ethics Committee has not changed its recommendation to revoke.

*If a request for a hearing and associated fee is not **received** by the ARRT within thirty days from the date this letter is mailed, the recommended action of the Ethics Committee will become final.*

After the decision is final, any pocket credential card or certificate in your possession will become invalid and you will no longer hold certification with the ARRT. According to

–32–

February 14, 2002
Ralph R. Nelson
Page 2

the Rules and Regulations, the printed certificate or card remains the property of the
ARRT and shall be returned to the ARRT upon its request. The pocket credential card
and certificate is to be returned to the ARRT within 30 days of the date the action is final.

After the decision is final, it will not be addressed for three years. It will be subject to
reconsideration after the above time frame has lapsed only if the Ethics Committee, in its
sole and absolute discretion, finds that compelling new evidence warrants
reconsideration. The decision of the Ethics Committee in response to any request for
reconsideration shall be based on the original record and any written materials submitted
with the request for reconsideration. All information must be provided before the
Committee will consider removal of this sanction. The reconsideration decision is not
subject to a hearing with the Ethics Committee and is not subject to an appeal to the
Board of Trustees.

Again, please note that this action will become final in thirty days if no correspondence is
received. Please refer to the Standards of Ethics for further information. Also, please
note that any further misrepresentation of your certification or registration status with the
ARRT will be subject to legal action.

By Direction of the Ethics Committee;


Linda Black, B.S.R.T.(R)(M)(ARRT), FASRT
Ethics Investigations Coordinator

enc.    ARRT Rules and Regulations
        ARRT Standards of Ethics
        CE Document

08/05/02  11:29am  P. 001

01/11/02  FRI 14:52 FAX 6179739030      KYNKOS GOVERNMENT CENTER        @001
Jan 11 02 11:58a        hStat                   (8  998-9940          P-7

ATN : Tom    651-687-0449

Return: Tim   877-998-9940

# TechStat

*"The Nation's Healthcare Staffing Solution"*

## EMPLOYEE APPLICATION

Last Name NELSON        First ROB        MI R

Street Address 57 CHARTER STREET   APT 2A

City BOSTON         State MA   ZIP 02113

Home Telephone  617.523-1592.

Work Telephone

Cell/Pager   N/A

DOB
2/10/59

Emergency Contact Number  N/A        Name

Social Security Number 029 48 3965

Modality/Speciality Applying for RADIOLOGY TECHNOLOGIST

Date Available  1/14/02

Applying for Temporary or Permanent? Permanent

National Registries:

| BOARD | REGISTRY NUMBER | EXPIRATION |
|-------|-----------------|------------|
| ARRT | 261253 | FEB 03 |
| ARDMS | | |
| NMTCB | | |

Current State Licenses  MASSACHUSETTS   08110   FEB/28/03

SIGNATURE  Rob Nelson        DATE 1/11/02

–38–

# The American Registry of Radiologic Technologists



1255 Northland Drive • St. Paul, Minnesota 55120-1155 • (651) 687-0048 • www.arrt.org

## FACSIMILE TRANSMISSION

ATTENTION:     Tim

COMPANY:      TechStat

FAX #:        (877) 998-9940

FROM:         Tom Kraker          EXT.   541

DATE:         August 5, 2002

NUMBER OF PAGES INCLUDING COVER SHEET:  2

If you encountered problems receiving this transmission, please contact The American
Registry of Radiologic Technologists at (651) 687-0048.

**PLEASE NOTE:**    **The information contained in this facsimile message is
information intended only for the use of the individual named
above. This may be attorney-client privileged and confidential.
Any copying or distribution of this message is prohibited. If
you receive this transmission in error, please notify us
immediately by phone so we can arrange for its return. Thank
you.**

ADD'L MESSAGE:  _____

_____

_____

-39-

# The American Registry of Radiologic Technologists



1255 Northland Drive • St. Paul, Minnesota 55120-1155 • (651) 687-0048 • www.arrt.org

August 5, 2002

TO:   Tim            By fax only:  (877) 998-9940
      TechStat

RE:   Ralph R. Nelson         ARRT # 261253      Date of Birth: 02/10/1959

Dear Tim:

In response to your request for verification of Mr. Nelson's ARRT certification. The information provided to you by Mr. Nelson indicating that his registration with the ARRT was valid through February 2003 is not accurate.

Mr. Nelson had dropped his ARRT registration in February 1996. Further, on February 14, 2002, the ARRT revoked the certification of Mr. Nelson for misrepresenting himself as ARRT registered for employment purposes.

Mr. Nelson is not registered by the ARRT nor is he certified by the ARRT. By stating that he was registered and had an expiration date of February 2003 is not true and is continued misrepresentation. Any indication that he is registered or certified by the ARRT is a violation of the trademark laws and is prohibited.

If I can further clarify any of the ARRT requirements for registration, please contact me.

Sincerely,

Thomas Kraker, M.Ed., R.T.(R)(ARRT)
Assistant Executive Director

*Recognizing Individuals Qualified in the Use of Ionizing and Non-Ionizing Radiation to Promote High Standards*

```
············· TRANSMISSION RESULT REPORT ·············(AUG 05 '02  12:48PM)···········
                            -40-
                                          ARRT
··············································································· (AUTO) ···········
```

THE FOLLOWING FILE(S) ERASED

| FILE | FILE TYPE | OPTION | TEL NO. | PAGE | RESULT |
|------|-----------|--------|---------|------|--------|
| 096  | MEMORY TX |        | 18779989940 | 02/02 | OK |

---

ERRORS

1) HANG UP OR LINE FAIL     2) BUSY     3) NO ANSWER     4) NO FACSIMILE CONNECTION

# The American Registry of Radiologic Technologists



1255 Northland Drive • St. Paul, Minnesota 55120-1155 • (651) 687-0048 • www.arrt.org

## FACSIMILE TRANSMISSION

ATTENTION:    Tim

COMPANY:      TechStat

FAX #:        (877) 998-9940

FROM:         Tom Kraker                    EXT.  541

DATE:         August 5, 2002

NUMBER OF PAGES INCLUDING COVER SHEET:  2

4-22-03;12:19PM;MA DPH RCP                    -41-                    ;6177272098              - 1/ 2



# The Commonwealth of Massachusetts
## Executive Office of Health and Human Services
### Department of Public Health
### Radiation Control Program
174 Portland Street, 5th Floor, Boston, MA 02114
(617) 727-6214  (617) 727-2098 - Fax

**MITT ROMNEY**
GOVERNOR

**KERRY HEALEY**
LIEUTENANT GOVERNOR

**RONALD PRESTON**
SECRETARY

**CHRISTINE C. FERGUSON**
COMMISSIONER

**TO:** _ARRT ETHICS DEPT._

**FROM:** _JOE CHADOROWSKY_

**DATE:** _4/22/03_    **PAGES TO FOLLOW:** _1_

**COMMENTS:** _____

_____

_____

_____

_____

_____

_____

_____

## IF THERE IS A PROBLEM WITH THIS FAX, PLEASE CALL (617) 727-6214 AND PRESS ZERO FOR ASSISTANCE.

4-22-03;12:19PM;MA DPH RCP                    -42-                    ;6177272098              # 2/ 2



# The Commonwealth of Massachusetts
## Executive Office of Health and Human Services
## Department of Public Health
## Radiation Control Program
174 Portland Street, 5th Floor, Boston, MA 02114
(617) 727-6214   (617) 727-2098 - Fax

**MITT ROMNEY**
GOVERNOR

**KERRY HEALEY**
LIEUTENANT GOVERNOR

**RONALD PRESTON**
SECRETARY

**CHRISTINE C. FERGUSON**
COMMISSIONER

April 22, 2003

ARRT Ethics Department
1255 Northland Drive
St. Paul, MN 55120

To Whom This May Concern:

I would like to introduce myself, my name is Joe Chadorowsky and I am the person who licenses Radiologic Technologists in the State of Massachusetts. I replaced Betty Blackwell who resigned her position in September of 2002. I am writing to request from you the clarifications of reasons for the following technologists from Massachusetts who have had their ARRT registration revoked:

**REDACTED**

**Ralph Nelson         ARRT# 261253**

I would appreciate it if I could be put on a list for the State of Massachusetts as the contact for The Massachusetts Radiologic Technologist Program.

Please fax to me at (617) 727-2098 any information you may have regarding this issue.

Thank you in advance for all of your help.

Sincerely,

Joe Chadorowsky, Program Coordinator
Massachusetts Radiologic Technologist Program

–43–

# The American Registry of Radiologic Technologists



1255 Northland Drive • St. Paul, Minnesota 55120-1155 • (651) 687-0048 • www.arrt.org

April 28, 2003

Joe Chadorowsky
Radiation Control Program
Department of Public Health
Commonwealth of Massachusetts
174 Portland St. 5th Floor
Boston, MA  02114

Dear Mr. Chadorowsky:

This is in response to your inquiry regarding the reasons for the revocation of the following individuals:

**REDACTED**

*Ralph R. Nelson*
    Mr. Nelson's certification was revoked effective March, 2002.  He presented an ARRT certificate to Mt. Auburn Hospital that was not registered.  This is considered misrepresentation of his registration status with the ARRT in that an employer could presume he was registered with the ARRT when that was not he case.

–44–

Joe Chadorowsky
April 28, 2003
Page 2


**REDACTED**


Please contact me if you have any further questions.

Sincerely,

Linda Black, B.S.R.T.(R)(M)(ARRT) FASRT
Department of Regulatory Services

−46−

 Cambridge Health Alliance



Whidden Memorial Hospital
103 Garland Street
Everett, MA 02149
Phone: 617-381-7164
Fax: 617-381-7135

| To: | Margaret Gehrig, ARRT | From: | Maria Vigneau |
|---|---|---|---|
| Fax: | 651-687-0449 | Date: | October 7, 2004 |
| Phone: | 651-687-0048 | Pages: | 2 (including cover) |
| Re: | ARRT Inquiry — Ralph Nelson | CC: | |

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

**Comments:**

Hi Margaret,

Thank you for assisting me in acquiring information regarding the verification status of Ralph R. Nelson (ARRT #261253). Attached is the registration that Ralph presented to me upon being asked to supply his current ARRT license.

Please fax the information to my attention as follows:

Name: Maria Vigneau
Fax #: 617-394-7724

If you need to contact me, my office number is 617-381-7201. —

Thanks again,

Maria

The documents accompanying this fax transmission contain confidential information belonging to the sender that is legally privileged. This information is intended only for the use of the individual of entity named above. The authorized recipient of this information is prohibited from disclosing the information to any other party. If you have received this transmission in error, please notify the sender immediately and arrange for the return of these documents at no cost to you.

–47–

# THE AMERICAN REGISTRY
# OF RADIOLOGIC TECHNOLOGISTS

ST. PAUL, MINNESOTA

Representative of

The American College of Radiology and

The American Society of Radiologic Technologists

HEREBY CERTIFIES THAT

## Ralph R. Nelson

has pursued an approved educational program in Radiography, has met certain standards and qualifications and has passed the examinations conducted under authority of this Registry, and is thus qualified as a

### Radiographer

and by virtue of this certificate is authorized to use the title Registered Technologist and its abbreviation R.T. (R) (ARRT) as long as this certificate is in force as is indicated by the date appearing on the seal hereon attached.

Certificate Number 261253

EXECUTIVE DIRECTOR

–48–

# The American Registry of Radiologic Technologists



1255 Northland Drive • St. Paul, Minnesota 55120-1155 • (651) 687-0048 • www.arrt.org

# Fax

ATTENTION:  **MARIA VIGNEAU**

COMPANY:  **WHIDDEN MEMORIAL HOSPITAL**

FAX #:  617-394-7724

FROM:  **MARGARET GEHRIG**     EXT.  589

DATE:  October 7, 2004

NUMBER OF PAGES INCLUDING COVER SHEET:  2

COMMENTS:

This transmission may contain material that is CONFIDENTIAL under federal and state statutes and is intended to be delivered to only the named addressee. Unauthorized use of this information may be a violation of criminal statutes. If this information is received by anyone other than the named addressee, the recipient shall immediately notify the sender at the address or the telephone number above and obtain instruction as to the disposal thereof. Under no circumstances shall this material be shared, retained or copied by anyone other than the named addressee.

Education + Ethics + Examination = The ARRT Equation for Excellence
Promoting High Standards of Patient Care by Recognizing Qualified Individuals in

–49–

# The American Registry of Radiologic Technologists



1255 Northland Drive • St. Paul, Minnesota 55120-1155 • (651) 687-0048 • www.arrt.org

October 7, 2004

Maria Vigneau
Whidden Memorial Hospital
103 Garland Street
Everett, MA 02149

     RE:   Ralph R. Nelson
           ARRT # 261253

Dear Ms. Vigneau:

This letter is in response to your request for information regarding the ARRT status of Ralph R. Nelson, ARRT # 261253. Mr. Nelson's ARRT certification was revoked effective March 2002 for misrepresenting himself as a registered technologist with the ARRT when that was not the case. Mr. Nelson has not been registered with the ARRT since February 29, 1996. The copy of the ARRT certificate that Mr. Nelson provided to you is not valid.

If you need further assistance, please do not hesitate to contact me.

Sincerely,

Margaret Gehrig, B.S., R.T.(R)(M)(ARRT)
Ethics Coordinator, Regulatory Services

Education + Ethics + Examination = The ARRT Equation for Excellence

```
·········································· TRANSMISSION RESULT REPORT ·················(OCT 07 '04  03:27PM)·············
                                              -50-
                                                      ARRT
·························································································· (AUTO) ·················

   DATE   START   REMOTE TERMINAL      TIME    RE-    MODE   TOTAL PERSONAL LABEL          FILE
          TIME    IDENTIFICATION               SULTS         PAGES                        NO.

   OCT 07 03:25PM 16173947724          01'00"  OK     ES     02                           007
```

```
···································································································································
         E)ECM   >)REDUCTION   S)STANDARD   ⊕)FORWARDING  M)MEMORY   C)CONFIDENTIAL   ♦)BATCH
                               D)DETAIL                              $)TRANSFER
                               F)FINE                               P)POLLING
```

–51–

## Margaret Gehrig

| | |
|---|---|
| From: | Margaret Gehrig [margaret.gehrig@arrt.org] |
| Sent: | Friday, October 08, 2004 10:26 AM |
| To: | 'Joe.chadorowsky@state.ma.us' |
| Subject: | ARRT status |

Mr. Chadorowsky:

Thank you for taking the time to explain your licensing process this morning.
The following information can be released to you regarding Mr. Nelson's ARRT status

Mr. Nelson's certification was revoked effective March 2002 for misrepresentation as a radiologic technologist with the ARRT when that was not the case. Mr. Nelson's certification has not been registered with the ARRT since February 29, 1996.

If there is additional information you would like to request, please feel free to send me a written fax indicating what information you are trying to obtain. Our fax number is 651-687-0449.

Again, thank you for your assistance this morning.
Sincerely,

Margaret Gehrig
ARRT Ethics Coordinator

CONFIDENTIAL COMMUNICATION: Emails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited and may be a violation of law. If you believe that you received this in error please do not read the body of this e-mail and please inform the sender that you have deleted the e-mail and any copies.

–52–

# The American Registry of Radiologic Technologists



1255 Northland Drive • St. Paul, Minnesota 55120-1155 • (651) 687-0048 • www.arrt.org
October 20, 2004

261253
Ralph R. Nelson
57 Charter St. Apt. 2A
Boston, MA  02113

Dear Mr. Nelson:

The American Registry of Radiologic Technologists ("ARRT") has information regarding what appears to be continued use of your ARRT certificate for employment purposes. Your ARRT registration was dropped on February 29, 1996 and revoked in February 2002. This sanction was imposed because you misrepresented yourself to Mount Auburn Hospital in Cambridge, MA.

ARRT received this information from TechStat in August 2002 and from Whidden Memorial Hospital in Everett, MA in October 2004.

The ARRT name is a trademark protected by law. Misrepresentation through the use of an invalid ARRT credential card or any other misleading representation as ARRT registered or certified is a violation of the law. ARRT will vigorously pursue continued violations of the protected trademark.

In such situations, ARRT files complaints in Federal Court in order to get permanent injunctions against individuals who are continuing to misrepresent themselves as registered and certified by the ARRT. To date, Federal Courts throughout the United States have granted these injunctions in over 10 different cases. The Courts have granted monetary awards that exceed $10,000 for damages and costs associated with protecting the ARRT trademark.

At this point, you can avoid legal action against you by entering into a contractual agreement with the ARRT to cease and desist misrepresenting yourself as having any registration or certification with the ARRT. If you agree to cease your illegal use of the ARRT trademark, ARRT will waive its right to pursue an injunction and monetary damages against you, unless you default on the agreement in any way.

A Settlement Agreement has been enclosed. If you agree to the settlement, please sign both (2) forms in front of a notary and return both forms to the ARRT. ARRT will also sign both forms and return one to you as an original for your records. **If you do not agree to the settlement and the signed forms are not returned by December 1, 2004, ARRT will seek resolution through the United States District Court.**

If you have any questions concerning the process you may contact me. If you have questions regarding your legal rights, I encourage you to contact a lawyer. Let me know if you have further questions and I would be willing to talk about it in more depth.

Sincerely,

Thomas Kraker, M.Ed., R.T.(R)(ARRT)
Assistant Executive Director



–58–



SENDER: COMPLETE THIS SECTION

COMPLETE THIS SECTION ON DELIVERY

261253
RALPH R NELSON
57 CHARTER ST   APT 2A
BOSTON,  MA    02113

7002 2030 0007 7966 9738