UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

American Registry of Radiologic Technologists

Plaintiff,

vs.                                                         Civil Action No. 04 12657 MLW

Ralph R. Nelson

Defendant

---

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

and

## COUNTER SUIT
## TORTUOUS INTERFERENCE WITH ADVANTAGEOUS RELATIONS

I, Ralph R. Nelson claim as follows:

1.   On page 5, paragraph 22 of the complaint, the plaintiff states, "As ARRT uses the terms, there is a key difference between certification and registration. An individual having satisfied the requirements for certification described in the *ARRT Rules and Regulations*, such as taking an examination, is awarded a certificate attesting to the fact that the requirements were met and that the individual is, therefore, certified by ARRT. An individual is registered with ARRT as a person having met the certification requirements, as well as the additional requirements for continued registration, such as taking a certain number of Continuiing Education ("CE") courses within a certain time period."

2. Paragraph 21 of the complaint, the plaintiff states, "Defendant Nelson was certified by ARRT in July of 1993 as a radiologic technologist." Upon passing the certification exam, the ARRT gave me (as they give all radiologic technologists) a certificate demonstrating I passed the registry examination. This is that exact document the plaintiff provides in exhibit C. This is the document that shows a radiologic technologist is certified.

3. Paragraph 24 of the complaint, the plaintiff states, "From communications with the hospital, ARRT learned that when asked by Mount Auburn to provide a copy of his current ARRT registration, Nelson falsely represented himself as being registered with ARRT as of December 1999. See Exhibit C (letter from Mount Auburn Hospital to the ARRT dated November 16, 2001). Indeed, Nelson provided the hospital with a purported ARRT registration certificate that indicated he had been registered with ARRT in 1999, which he had not. ARRT did not create or authorize the creation of that false certificate."

4. Exhibit C (letter from Mount Auburn Hospital to the ARRT dated November 16, 2001), Jennifer Levesque writes as the final sentence of the letter, "This is the actual document presented to me when I requested a copy of his current ARRT certification.

5. Jennifer Levesque requested a copy of my "current ARRT certification", I provided her a copy of the exact certification that the plaintiff provided to me, the certification the plaintiff said in this complaint that they provided to me. But now in this complaint the plaintiff states "when asked by Mount Auburn to provide a copy of his current ARRT registration, Nelson falsely represented himself." As the plaintiff themselves have proven, Mount Auburn requested my certification, not my registration. And as the plaintiff explains in this complaint, they consider the two to be very different

things. Clearly the plaintiff is being dishonest.

6. The plaintiff claimed "Nelson provided the hospital with a purported ARRT registration certificate that indicated he had been registered with ARRT in 1999." This is not true. As the plaintiff has proven with exhibit C, I provided the hospital with a copy of my certification certificate issued to me by the ARRT. The certification certificate and the registration certificate are two completely different documents, in appearance and in purpose.

7. As exhibit G demonstrates, when I became aware that I was behind on my annual dues payments, I was exceptionally honest and forthcoming. I apologized for the mistake and essentially pleaded to send money to pay the annual dues. I could not have been more honest, more sincere. And the plaintiff decided to make an easily reconcilable situation an irreconcilable situation. When my former spouse and her boyfriend ran off with my children while I was at work my life was turned upside down. Several years later when my former spouse testified that the same boyfriend was into internet pornography, the situation became even more grave. I then worked tirelessly and admirably re-building my life. Only to then, have the plaintiff claim that the annual dues payments were an irresolvable situation.

8. I went to a hospital that did not require an ARRT certificate nor registration. The plaintiff's slander continued.

9. Enclosed is a copy of my job posting and job code from the Whidden hospital. This document is from my personnel file filed in Human Resources at the Whidden hospital. You will notice that Human Resources even wrote my name on the upper right hand

corner of my job listing. This is the job I had. The hospital listed as the requirements for this position, "Graduate of an AMA approved educational program in Radiologic Technology. Prefer minimum of 1 year experience as a Radiologic Technologist. MA State Licensure Required."

10. When the plaintiff communicated to the Whidden hospital that I had misrepresented myself, they committed very serious crimes against me. As a result, I am now unemployed and homeless.

11. Including my years in the United States Air Force, I have been a Radiologic Technologist for almost 20 years. Every annual job performance review I have received reports my job performance as "exceeds standards". I have even taught Radiologic Technology as a clinical instructor. I have dedicated almost 20 years of my professional life to being an "exceeds standards" radiologic technologist. And now I suffer unemployment and homelessness all because the plaintiff declared an easily reconcilable situation as irreconcilable, followed by malicious misrepresentation to my employers.

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Ralph Nelson hereby moves to dismiss all counts of plaintiffs complaint. As grounds for this motion, Ralph Nelson states he has not misrepresented himself, the plaintiff has in fact misrepresented the defendant.

## COUNTER SUIT

## TORTUOUS INTERFERENCE WITH ADVANTAGEOUS RELATIONS

1.  The plaintiff's misrepresentations regarding the defendant, to the Whidden hospital, amongst others, are slanderous and hurtful and have caused irreversible harm to the defendants reputation. The defendant now suffers unemployment and homelessness as a direct consequence.

2.  I ask this court to order the plaintiff to return what they wrongfully took from me. The $1,500,000.00 I would have earned if I had worked until the age of 65.

Thank You.

Sincerely,

*Ralph N. Nelson*
Ralph Nelson
P.O. Box 130295
Boston, Massachusetts
02113

# CAMBRIDGE HEALTH ALLIANCE 

## Employment Opportunities

**Category:** Allied Health
**Results:** 1 Job(s)
**View:** single



---

**Radiology Technologist**
*Cambridge Health Alliance - Whidden Memorial Hospital Campus, Everett, MA*

**Job Code:** W0075SRA1
Posted: Jun-26-2002

07/21 004

**internal**
- Non-Union Position
- Department: Imaging Services
- Full-time   40hpw / (2) 8hr rotating wkday shifts/every Sat&Sun 7p - 7a
- Various hours
- High School Diploma/GED required
- Union Status: R2666
- $14.56 - $21.84

Perform all radiographic procedures that follow radiological standards in a safe, accurate and timely manner. Perfom a variety of technical procedures requiring independent judgment, ingenuity and initiative. Assumes responsibility for designated areas and/or procedures as required. Continuously strives to develop/improve relationships with all customers. Actively participates in department quality improvement/assurance. Graduate of an AMA approved educaitonal program in Radiologic Technology. Prefer minimum of 1 year experience as a Radiologic Technologist. MA State Licensure Required.

| Click here to bid for this position. | **Contact:** Andree Paige<br>Tel: 781-306-8702<br>Fax: 781-306-8720<br>Email: apaige@challiance.org | **Address:**<br>Mystic Center - 10<br>President's Landing, 5th Floor<br>Medford, MA 02155 |
|---|---|---|

**back to top**