UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMERICAN REGISTRY OF
RADIOLOGIC TECHNOLOGISTS,

    Plaintiff,

v.

RALPH R. NELSON,

    Defendant.

File No. 04-12657-CIV-MLW

## RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, the American Registry of Radiologic Technologists ("ARRT"), requests that the Court deny Defendant Ralph R. Nelson's Motion to Dismiss. ARRT construes Mr. Nelson's motion, which was filed with the Court on March 1, 2005,[1] as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Because Defendant's motion merely raises contested issues of fact, and does not argue that ARRT's complaint is legally insufficient to state a claim upon which relief can be granted, the motion must be denied.

## BACKGROUND

### A. ARRT and the ARRT Mark

ARRT is a national credentialing organization with more than 230,000 registrants. (Compl. ¶ 6.) Those who are registered have successfully met ARRT's educational,

---

[1] Mr. Nelson has never served his motion on ARRT. ARRT received the motion directly from the Court on March 4, 2005.

testing and other requirements and have consequently been registered by ARRT as radiologic technologists. (*Id.*) ARRT is the preeminent organization in the nation that certifies and registers radiologic technologists. (*Id.* ¶ 9.) It is the largest organization of radiologic technologists in the country, and is the only organization in the country that registers individuals qualified in radiography. (*Id.*)

ARRT adopted the ARRT® trademark (the "Mark" or the "ARRT Mark") in or around 1962. (Compl. ¶ 11.) Since that time, ARRT has continuously used its Mark in interstate commerce to identify those individuals who have met ARRT's educational, testing and other requirements, who consequently have been registered by ARRT, and who therefore are qualified to work as radiologic technologists. (*Id.*) On January 26, 1977, ARRT filed an application for registration of its Mark with the United States Patent and Trademark Office ("PTO"). On April 29, 1980, the ARRT Mark was registered by the PTO on the Principal Register. (*Id.* ¶ 13 and Ex. A.) The registration of the ARRT Mark is valid and incontestable pursuant to 15 U.S.C. §§ 1065 and 1115(b). (Compl. ¶ 14.)

Through ARRT's efforts, ARRT's Mark has come to be recognized by the public and the health care industry as an indication that individuals registered with ARRT are qualified to work as radiologic technologists and have satisfied ARRT's rigorous educational, testing, and other standards. (Compl. ¶¶ 15-16.) ARRT's registry is relied on and referenced by state agencies, hospitals and health care employers nationwide as the definitive listing of those individuals who are qualified to work as radiologic technologists, and, in particular, in radiography. (*Id.* ¶ 17-18.)

2

### B.   Defendant Ralph Nelson

Defendant Nelson was certified by ARRT in July 1993 as a radiologic technologist. (Compl. ¶ 21.) The ARRT number assigned to him was 261253. (*Id.*) Mr. Nelson was subsequently registered with ARRT as well.[2] (*Id.*) In February 1996, however, Mr. Nelson dropped his registration when he failed to renew it. (*Id.* ¶ 23.)

In November 2001, over five years after Defendant Nelson dropped his ARRT registration, ARRT received a facsimile from a hospital in Cambridge requesting confirmation of Mr. Nelson's ARRT status. (Compl. ¶ 24 and Ex. B.) From communications ARRT had with representatives from the hospital, ARRT learned that Mr. Nelson had misrepresented himself to the hospital as having been registered with ARRT as of December 1999. (*Id.* ¶ 24 and Ex. C.) In fact, ARRT was informed that Mr. Nelson provided the hospital with an ARRT registration certificate indicating he was registered in 1999, which he was not. (*Id.* ¶ 24.) ARRT never created or authorized a certificate for Mr. Nelson indicating a registration date of 1999. (*Id.*) ARRT sent a letter to the hospital stating that Mr. Nelson was not registered with ARRT, and had not been since February 1996. (*Id.* ¶ 25 and Ex. D.)

---

[2] As ARRT uses the terms, there is a key difference between certification and registration. (Compl. ¶ 22.) An individual having satisfied the requirements for certification described in the *ARRT Rules and Regulations*, such as taking an examination, is awarded a certificate attesting to the fact that the requirements were met and that the individual is, therefore, certified by ARRT. (*Id.*) An individual is registered with ARRT as a person having met the certification requirements, as well as the additional requirements for continued registration, such as taking a certain number of Continuing Education ("CE") courses within a certain time period, and meeting ARRT's ethics requirements. Registration must be renewed on an annual basis. (*Id.*)

3

3880175v1

On November 16, 2001, ARRT sent a letter directly to Mr. Nelson via certified mail. (Compl. ¶ 26 and Ex. E.) Mr. Nelson signed the receipt for the letter. (*Id.* Ex. F.) Among other things, the letter demanded that Mr. Nelson stop representing to anyone that he was registered with ARRT. (*Id.* ¶ 26.) Mr. Nelson was also informed that the ARRT Ethics Committee would be considering his actions, and that he could provide the Committee with information he believed it should consider. (*Id.*)

After consideration, the ARRT Ethics Committee decided to revoke Mr. Nelson's ARRT certification. (Compl. ¶ 28.) The revocation became effective in March 2002. In a letter sent to Mr. Nelson by the Ethics Committee, informing him of its recommendation to revoke his certification due to his misrepresentation of his ARRT registration status, ARRT stated that any ARRT certificate in Mr. Nelson's possession would become invalid, remained the property of ARRT, and would have to be returned to ARRT. (*Id.*)

On August 5, 2002, ARRT received a facsimile from a healthcare staffing agency located in Massachusetts which included an employee application for one "Rob R. Nelson." (Compl. ¶ 29.) The application listed an ARRT number that was the same number ARRT had assigned to Mr. Ralph R. Nelson—261253. (*Id.*) The application indicated that Mr. Nelson's ARRT registration was valid through February 2003. (*Id.* and Ex. I.) ARRT promptly notified the staffing agency that Mr. Ralph R. Nelson, ARRT number 261253, was neither registered nor certified with ARRT. (*Id.* ¶ 30 and Ex. J.)

3880175v1

In October 2004, ARRT received a telephone call from Whidden Memorial Hospital in Everett, Massachusetts, requesting information about Defendant Nelson's ARRT status. (Compl. ¶ 32.) ARRT also received a facsimile from Whidden Memorial that included a copy of Nelson's ARRT certification form, which he had apparently provided to Whidden Memorial even though he had been informed by ARRT in 2002 that his certification had been revoked and that he was required to return the certificate to ARRT. (*Id.* ¶¶ 28, 32, and Exs. H and M.) ARRT responded to Whidden Memorial's inquiries with a letter stating that Mr. Nelson's ARRT certification had been revoked in 2002 for misrepresenting himself as an ARRT-registered technologist. (*Id.* ¶ 32 and Ex. N.)

On October 20, 2004, ARRT sent a letter to Defendant Nelson informing him that it had information that he was using the ARRT Mark even though he was not presently registered or certified, and that ARRT would pursue such violations of its protected trademark. (Compl. ¶ 34 and Ex. P.) Mr. Nelson signed for the letter. (*Id.* Ex. Q.) The letter also included a proposed Settlement Agreement, but told Mr. Nelson that if he did not agree to settle by December 1, 2004, ARRT would seek resolution of the matter in the United States District Court. (*Id.* ¶ 34.) Mr. Nelson never responded to ARRT's October 20 letter, and on December 20, 2004, ARRT filed its complaint.

## STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6), the Court must assume the allegations in the complaint are true, and must draw all inferences in the plaintiff's favor. *E.g., In re Perkinelmer, Inc. Sec. Litig.*, 286 F. Supp.2d 46, 51 (D.

Mass. 2003). A defendant is entitled to judgment only if the facts alleged in the complaint are legally insufficient to make out a claim. *Id.* The inquiry focuses on the complaint, as a plaintiff is not required at this stage of the proceedings to support its claims with detailed evidence. *Id.* A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle it to relief. *Moghaddam v. Dunkin' Donuts, Inc.*, 295 F. Supp.2d 136, 138 (D. Mass. 2003). "The First Circuit has stated that it will affirm a dismissal for failure to state a claim only if it appears, according to the facts alleged, that the claimant cannot recover under *any* viable theory." *Kusek v. The Family Circle, Inc.*, 894 F. Supp. 522, 527 (D. Mass. 1995).

## ARGUMENT

Defendant Nelson's motion to dismiss raises contested issues of fact but makes no arguments that go to the legal sufficiency of ARRT's claims. For instance, Mr. Nelson argues that "when [he] became aware that [he] was behind on [his] annual dues payments, [he] was exceptionally honest and forthcoming" with ARRT, that he "apologized for the mistake and essentially pleaded to send money to pay the annual dues." (Def.'s Mot. Dismiss ¶ 7.) Putting aside the many factual arguments ARRT could raise in response to these statements (for instance, that he failed to renew his membership for five years and that renewal of one's membership involves more than simply payment of dues, but involves other requirements such as attending continuing education classes and meeting ARRT's ethics requirements, and that his wrongdoing involved more than a simple failure to pay dues but involved misrepresenting his ARRT status to potential

employers). Mr. Nelson's factual arguments to do not undercut the legal sufficiency of ARRT's complaint. ARRT has alleged facts sufficient to support all of its claims, and this Court must take those allegations as true.

### A.     Trademark Infringement

ARRT has alleged facts sufficient to support its state and federal claims for trademark infringement. The elements of Federal Trademark Infringement, a violation of Section 43(a) of the Lanham Act (15 U.S.C.§ 1125(a)), are that a plaintiff must show: (1) use and therefore ownership of the mark; (2) use by the defendant of the same or a similar mark, and (3) the likelihood that the defendant's use will confuse the public, thereby harming the plaintiff. *Hasbro, Inc. v. Clue Computing, Inc.*, 66 F. Supp.2d 117, 121 (D. Mass. 1999). The elements of trademark infringement under Section 32 of the Lanham Act (15 U.S.C. § 1114) are that a plaintiff must show: (1) the ownership of a registered trademark entitled to protection; (2) the use of that mark in interstate commerce; and, (3) its use by another in a manner likely to cause confusion or mistake when compared with the plaintiff's registered mark.[3] *Copy Cat, Inc. v. Task Printing, Inc.*, 908 F. Supp. 37, 43 (D. Mass. 1995).

---

[3]     Evaluation of a plaintiff's claim under 15 U.S.C. § 1114(1) focuses on elements similar or identical to Massachusetts state common law trademark infringement and therefore this analysis under the federal statute suffices as the state law analysis. *Northern Light Tech., Inc. v. Northern Lights Club*, 97 F. Supp.2d 96, 120 (D. Mass. 2000).

ARRT has alleged that it owns the ARRT Mark and registered the Mark with the PTO[4] (Compl. ¶¶ 11-14); that ARRT has used the ARRT Mark in interstate commerce since 1962 (*id.* ¶ 11; *see id.* ¶ 18); that Defendant Nelson has used the ARRT Mark without ARRT's permission, used a forged ARRT Mark, and in fact used ARRT's mark in direct contradiction of ARRT's specific instructions (Compl. ¶¶ 24, 26, 29, 32); and, that Defendant Nelson's use of the ARRT Mark has misled and confused the public regarding Nelson's ARRT status and regarding ARRT's affiliation with him (Compl. ¶ 44; *see id.* ¶¶ 24, 26, 29, 32, 37, 55, 62). These facts alone should satisfy ARRT's pleading requirement, but further review of the likelihood of confusion element of the test reinforces the fact that ARRT's complaint alleges sufficient facts to support its trademark infringement claims.

Courts have held that the "'likelihood of confusion' test is the heart of trademark infringement." *Northern Light Tech., Inc. v. Northern Lights Club*, 97 F. Supp.2d 96, 109 (D. Mass. 2000). When analyzing federal trademark infringement claims, federal unfair competition in violation of 15 U.S.C. § 1125, and Massachusetts state common law trademark infringement, courts focus on this likelihood of confusion test as the essential element. *Northern Light Tech.*, 97 F. Supp.2d at 109-10, 120; *Copy Cat, Inc.*, 908 F. Supp. at 44. Likelihood of confusion is measured by eight factors: (1) the similarity of the marks; (2) the similarity of the goods or services; (3) the relationship

---

[4] ARRT's federal registration of its ARRT Mark is prima facie evidence of its exclusive right to use the registered Mark in commerce. *Copy Cat, Inc.*, 908 F. Supp. at 43 (citing 15 U.S.C. § 1115(a)).

3880175v1

between the parties' channels of trade; (4) the relationship between the parties' advertising; (5) the classes of prospective purchasers; (6) evidence of actual confusion; (7) the defendant's intent in adopting or using the mark; and, (8) the strength of the mark. *Copy Cat, Inc.*, 908 F. Supp. at 44. ARRT has alleged several facts supporting this likelihood of confusion element. For instance, ARRT has alleged that the mark used by Defendant Nelson is identical to ARRT's registered Mark[5]; that Nelson has used ARRT's Mark with the intention of demonstrating to potential employers that he is affiliated with ARRT and can offer the precise services for which ARRT certifies and registers individuals; that Nelson's use of the ARRT Mark in connection with the sale of his services as a radiologic technologist misrepresents the nature, characteristics and qualities of his commercial activities; that Nelson has wrongfully used the ARRT Mark with the very customers who most rely on ARRT's services—that is, health care employers that employ radiologic technologists; and, that ARRT's Mark is a strong one that has been duly registered and promoted for over forty years. Taking these allegations as true, and allowing all favorable inferences in favor of ARRT, ARRT has alleged facts sufficient to support its claims for trademark infringement. Defendant Nelson cannot satisfy his burden of showing that there is no set of facts under which his use of the ARRT Mark would violate ARRT's trademark rights.

---

[5]   In cases such as this, where a defendant uses the exact mark of the plaintiff, not a similar mark, the only result is to cause actual confusion to the public. *E.g., Burger King Corp. v. Majeed*, 805 F. Supp. 994, 1003 (S.D. Fla. 1992).

3880175v1

### B. Federal Dilution

To make out a case for federal dilution, a plaintiff must show that (1) it owns a famous mark; (2) that the defendant is making commercial use of the mark in commerce; (3) that the defendant adopted the mark after the plaintiff's mark became famous; and, (4) that the defendant's mark dilutes the plaintiff's famous mark. *Hasbro, Inc.*, 66 F. Supp.2d at 130. ARRT has alleged that its Mark is famous (Compl. ¶¶ 20, 52; *see id.* ¶¶ 11-18); that Defendant Nelson has used and attempted to use ARRT's Mark to gain employment (Compl. ¶¶ 24, 26, 29, 32); that Nelson's use of the ARRT Mark occurred long after the Mark had become famous (Compl. ¶ 53; *see id.* ¶¶ 11-18, 24, 29, 32); and, that Nelson's use of the ARRT Mark dilutes the distinctive quality of the Mark (Compl. 54-55). Nelson's willful misuse of the ARRT Mark in connection with offering his services for employment suggests to potential employers that he meets ARRT's strict educational, testing, ethical, and other requirements for certification and registration. If accepted, Defendant Nelson's representations could tarnish the image of ARRT's Mark, thereby diluting it. ARRT has sufficiently pled facts to support its federal dilution claim.

### C. Federal Unfair Competition

"Unfair competition is almost universally regarded as a question of whether the defendant is passing off his goods or services as those of the plaintiff by virtue of substantial similarity between the two, leading to confusion on the part of potential customers." *Digital Equip. Corp. v. Altavista Tech., Inc.*, 960 F. Supp. 456, 476 n.40 (D. Mass. 1997) (quotation marks and citation omitted). Because the same facts that support an action for federal trademark infringement also support an action for federal unfair

3880175v1

competition, the analysis is essentially the same. *Id.* And, as stated above, when analyzing a federal unfair competition claim, courts focus on the element of likelihood of confusion just as they do for a claim of trademark infringement. ARRT has pled facts sufficient to satisfy this element and this claim. *See supra* Part A.

## CONCLUSION

ARRT has alleged facts to support each element of each claim it has made in the complaint. The facts alleged by ARRT must be regarded as true by this Court. Defendant Nelson's factually-based arguments do not satisfy his burden of showing that ARRT's allegations are *legally insufficient* to make out a claim, and indeed Mr. Nelson has not even attempted to attack the legal sufficiency of ARRT's claims. Under these circumstances, his motion must be denied in its entirety.

Dated: March 18, 2005

Respectfully submitted,

CHOATE HALL & STEWART LLP

By: _____
Robert M. Buchanan, Jr. (Bar No. 545910)
Mark S. Freeman (Bar No. 636290)
53 State Street
Boston, Massachusetts 02109-2804
Telephone: (617) 248-5027
Facsimile: (617) 248-4000

AND

DORSEY & WHITNEY LLP
    James K. Langdon II (MN #0171931)
    Kimberly Fuhrman (MN #0301772)
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
*Attorneys for Plaintiff and Counterclaim Defendant American Registry of Radiologic Technologists*

3880175v1

## CERTIFICATE OF SERVICE

    I, Deborah J. Dion, hereby certify that a true copy of Response to Defendant's Motion to Dismiss was served on March 18, 2005 via first class mail on Ralph R. Nelson, P.O. Box 130295 Boston, Massachusetts 02113.

*Deborah J. Dion*
Deborah J. Dion

3880194v1