UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMERICAN REGISTRY OF
RADIOLOGIC TECHNOLOGISTS,

    Plaintiff,

v.

RALPH R. NELSON,

    Defendant.

File No. 04-12657-CIV-MLW

## MOTION FOR ORDER REQUIRING DEFENDANT TO ANSWER FULLY ARRT'S COMPLAINT

Plaintiff, the American Registry of Radiologic Technologists ("ARRT"), hereby moves the Court for an Order requiring Defendant Ralph R. Nelson to answer fully ARRT's complaint.

On December 20, 2005, ARRT filed its complaint with this Court. On January 25, 2005, ARRT effected service on Defendant Nelson by posting the summons and complaint at Mr. Nelson's last and usual place of abode. On March 1, 2005, Defendant Nelson responded to ARRT's complaint by filing with this Court a "Motion To Dismiss Plaintiff's Complaint and Counter Suit for Tortuous [sic] Interference with Advantageous Relations" ("Defendant's motion").[1] However, Defendant's motion does not respond to each and every allegation of ARRT's Complaint.

---

[1] Defendant Nelson has never served ARRT with his motion. ARRT's counsel received Defendant's motion directly from the Court on March 4, 2005.

Federal Rule of Civil Procedure 8(b) states in part: "A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies." The purpose of Federal Rule 8(b) is to "inform a pleader how to challenge and place in issue some or all of the allegations in the preceding pleading." 5 Charles Alan Wright & Arthur S. Miller, Federal Practice and Procedure § 1261 (3d ed. 2004). If a defendant fails to deny an allegation when a responsive pleading is required, the allegation will be treated as admitted in accordance with Fed. R. Civ. P. 8(d). 5 Wright & Miller, *supra*, § 1261. In fact, "[a]s has been noted in many judicial opinions, the theory of Rules 8(b) and 8(d) is that a defendant's pleading should apprise the opponent of those allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established and to enable the plaintiff to prevail." *Id.*

Defendant Nelson has failed to meet the plain but simple requirements set forth in Rule 8(b) in that he did not admit or deny each and every allegation in ARRT's complaint. This is not a case of a defendant responding in such an unclear manner as to require a motion for more definite statement, but rather a case where the Defendant simply failed to answer most allegations in the complaint at all. For that reason, ARRT moves this Court for an Order (a) directing Defendant Nelson to answer fully the complaint, in accordance with Fed. R. Civ. P. 8(b), within 10 days of his receipt of the Order, and (b) that if Defendant Nelson fails to do so, the factual allegations contained in the complaint will be deemed admitted.

Dated: March 24, 2005

Respectfully submitted,

CHOATE HALL & STEWART

By: _____
    Robert M. Buchanan, Jr. (Bar No. 545910)
    Mark S. Freeman (Bar No. 636290)
53 State Street
Boston, Massachusetts 02109-2804
Telephone: (617) 248-5027
Facsimile: (617) 248-4000

AND

DORSEY & WHITNEY LLP
    James K. Langdon II (MN #0171931)
    Kimberly Fuhrman (MN #0301772)
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
*Attorneys for Plaintiff and Counterclaim Defendant American Registry of Radiologic Technologists*

### CERTIFICATE OF CONFERRAL

Counsel for the American Registry of Radiologic Technologists hereby certifies pursuant to Local Rule 7.1(A)(2) that they have attempted in good faith to confer with Defendant Ralph Nelson to resolve or narrow the issues raised in this motion.

_____

3

## CERTIFICATE OF SERVICE

    I, Deborah J. Dion, hereby certify that a true copy of Motion For Order Requiring Defendant to Answer Fully ARRT's Complaint was served on March 24, 2005 via first class mail on Ralph R. Nelson, P.O. Box 130295 Boston, Massachusetts 02113.

*/s/ Deborah J. Dion*
Deborah J. Dion

3903184v1