UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMERICAN REGISTRY OF
RADIOLOGIC TECHNOLOGISTS,

    Plaintiff,

v.

RALPH R. NELSON,

    Defendant.

File No. 04-12657-CIV-MLW

**REPLY TO COUNTERCLAIM**

Plaintiff, the American Registry of Radiologic Technologists ("ARRT"), for its Reply to the Counterclaim of Defendant Ralph R. Nelson, states and alleges as follows:

**GENERAL DENIAL**

ARRT denies each and every allegation, claim, averment, and cause of action unless hereafter specifically admitted.

1.    Regarding Mr. Nelson's allegations in paragraph 1, ARRT states that the Complaint speaks for itself.

2.    Regarding the allegations of paragraph 2, ARRT states that the Complaint speaks for itself. ARRT admits that Mr. Nelson was certified by ARRT in 1993 as a radiologic technologist, admits that the registration of his certificate was valid through 1996, and admits that Mr. Nelson's certification was revoked in 2002 for misrepresentations of his ARRT status, which were violations of the ARRT Standards of

Ethics and ARRT's Rules and Regulations. ARRT denies the remaining allegations of paragraph 2.

3. Regarding the allegations of paragraph 3, ARRT states that the Complaint speaks for itself.

4. Regarding the allegations of paragraph 4, ARRT states that the Complaint speaks for itself.

5. Regarding the allegations of paragraph 5, ARRT states that it does not have sufficient knowledge to admit or deny what Ms. Levesque requested of Mr. Nelson, or what he did in response. ARRT states that the Complaint speaks for itself. ARRT denies the remaining allegations of paragraph 5, and denies that it is "being dishonest."

6. Regarding the allegations in the first sentence of paragraph 6, ARRT states that the Complaint speaks for itself. ARRT denies the remaining allegations of paragraph 6, except it admits that certification and registration are separate ARRT processes.

7. Regarding the allegations of paragraph 7, ARRT denies the first four sentences of paragraph 7, and does not have sufficient information to admit or deny the allegations in the remaining sentences.

8. Regarding the allegations of paragraph 8, ARRT states that it does not have sufficient information to admit or deny the first sentence. ARRT denies that it has ever slandered Mr. Nelson.

9. Regarding the allegations of paragraph 9, ARRT states that it does not have sufficient information to admit or deny the allegations.

10. Regarding the allegations of paragraph 10, ARRT denies that any of ARRT's communications regarding Mr. Nelson are criminal and denies that ARRT's communications about Mr. Nelson caused him to be unemployed and homeless. ARRT does not have sufficient information to admit or deny the remaining allegations of paragraph 10.

11. Regarding the allegations in paragraph 11, ARRT states that it does not have sufficient information to admit or deny the allegations in the first four sentences. ARRT denies that it has caused Mr. Nelson to be unemployed or homeless, and denies that it ever made malicious misrepresentations regarding Mr. Nelson to anyone.

12. Regarding the allegations in the unnumbered paragraph after paragraph 11, ARRT states that it has not misrepresented Mr. Nelson.

13. Regarding the allegations in paragraph 1 of Mr. Nelson's "Counter Suit" for "Tortuous [sic] Interference with Advantageous Relations," ARRT denies that it made misrepresentations to Whidden hospital or anyone regarding Mr. Nelson, denies that it ever slandered Mr. Nelson, denies that it is the direct cause of any harm to Mr. Nelson, and denies that it is the direct cause of any unemployment or homelessness suffered by Mr. Nelson.

14. Regarding the allegations of paragraph 2 of Mr. Nelson's "Counter Suit" for "Tortuous [sic] Interference with Advantageous Relations," ARRT denies that it wrongfully took anything from Mr. Nelson or that it wrongfully harmed Mr. Nelson in any other fashion.

## **AFFIRMATIVE DEFENSES**

1. Mr. Nelson's Counterclaim fails to state a claim, in whole or in part, upon which relief may be granted.

2. Mr. Nelson has failed, and is failing, to mitigate his damages, if any exist.

3. Mr. Nelson's Counterclaim and his damages, if any, are the result of his own actions or inactions, or are the result of the actions or inactions of a third-party for which ARRT has no responsibility.

4. Any statements ARRT made to Whidden Memorial Hospital, or any other potential employer of Mr. Nelson, regarding Mr. Nelson's ARRT status were truthful.

5. Mr. Nelson's Counterclaim may be barred by the doctrines of unclean hands, waiver or estoppel.

6. Mr. Nelson's Counterclaim may be barred by laches.

7. Mr. Nelson's Counterclaim was not properly served upon ARRT.

**WHEREFORE**, Plaintiff ARRT requests judgment as follows:

A. Dismissal of Defendant Nelson's counterclaim in its entirety;

B. A decree ordering an accounting by Defendant Nelson to establish all profits he has realized as a result of the wrongful acts set forth in ARRT's complaint;

C. An Order prohibiting and permanently enjoining Defendant Nelson from using the ARRT Mark or representing in any manner, including but not limited to orally and in writing, that he is registered or certified by ARRT, or representing that he is affiliated with ARRT in any other manner.

D.  Judgment against Defendant Nelson specifically including but not limited to the following, to the extent allowed by law (including 15 U.S.C. §§ 1114, 1117, and 1125):  (1) actual monetary damages sustained by ARRT; (2) the profits unlawfully earned by Defendant Nelson as a result of his unlawful acts, as set forth in the complaint; (3) treble damages; (4) costs and prejudgment interest; and, (5) attorneys' fees.

E.  Such other and further relief as the Court deems appropriate and just under the circumstances.

Dated: March 24, 2005

Respectfully submitted,

CHOATE HALL & STEWART LLP

By: _____
Robert M. Buchanan, Jr. (Bar No. 545910)
Mark S. Freeman (Bar No. 636290)
53 State Street
Boston, Massachusetts 02109-2804
Telephone: (617) 248-5027
Facsimile: (617) 248-4000

AND

DORSEY & WHITNEY LLP
    James K. Langdon II (MN #0171931)
    Kimberly Fuhrman (MN #0301772)
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone:  (612) 340-2600
*Attorneys for Plaintiff and Counterclaim Defendant American Registry of Radiologic Technologists*

4828-9530-4192\1 3/22/2005 9:09 AM

## CERTIFICATE OF SERVICE

    I, Deborah J. Dion, hereby certify that a true copy of Reply to Counterclaim was served on March 24, 2005 via first class mail on Ralph R. Nelson, P.O. Box 130295 Boston, Massachusetts 02113.

*Deborah J. Dion*
Deborah J. Dion

3903183v1