UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMERICAN REGISTRY OF
RADIOLOGIC TECHNOLOGISTS,

        Plaintiff,

v.

RALPH R. NELSON,

        Defendant.

File No. 04-12657-CIV-MLW

## MOTION OF THE AMERICAN REGISTRY OF RADIOLOGIC TECHNOLOGISTS FOR ENTRY OF DEFAULT

Plaintiff, the American Registry of Radiologic Technologists ("ARRT"), pursuant to Federal Rule of Civil Procedure 55, hereby requests that default be entered against Defendant Ralph R. Nelson.

### BACKGROUND

**A.  Procedural History**

On December 20, 2005, ARRT filed its Complaint with this Court. On January 25, 2005, ARRT effected service on Defendant Nelson by posting the summons and complaint at Mr. Nelson's last and usual place of abode.

On March 1, 2005, Defendant Nelson responded to ARRT's complaint by filing with this Court a pleading captioned as "Motion To Dismiss Plaintiff's Complaint and Counter Suit, [Tortious] Interference with Advantageous Relations" ("Defendant's

3977779v1

motion").[1] In Defendant's motion, Mr. Nelson, who is acting *pro se*, purported to respond to certain but not all of the allegations in ARRT's complaint. (Decl. Mark S. Freeman in Supp. ARRT's Mot. for Entry of Default ¶ 4, hereinafter "Freeman Decl.")

Therefore, on March 24, 2005, ARRT filed a Motion for Order Requiring Defendant To Answer Fully ARRT's Complaint. On April 8, 2005, Defendant filed a pleading entitled "Clarifications Provided by the Defendant," but this also did not fully respond to ARRT's Complaint. (Freeman Decl. ¶ 4.)

On June 24, 2005, the Court entered an Order requiring that, by July 20, 2005, Mr. Nelson "respond to the Complaint in the manner required by Rule 8(b) or risk being defaulted." Mr. Nelson has never complied with this Order.

**B.  ARRT's Communications, and Attempted Communications, with Defendant Nelson**

Service of process was originally effected on Mr. Nelson by leaving copies of the initial pleadings at Mr. Nelson's last and usual place of abode.[2] When Defendant Nelson filed his motion with the Court on March 1, 2005, however, he provided a post office box as his address rather than the physical address which ARRT had previously used to serve him. Thereafter, ARRT corresponded with Mr. Nelson using that post office box. (*E.g.*, Freeman Decl. ¶ 5, and Ex. A.)

---

[1]  Defendant Nelson has never served ARRT with his motion. (Freeman Decl. ¶ 3.) ARRT's counsel received Defendant's motion directly from the Court on March 4, 2005.

[2]  However, ARRT also sent courtesy copies of the initial pleadings to Mr. Nelson via certified mail.

2

3977779v1

In the months after receiving Defendant Nelson's two pleadings, ARRT made several efforts to correspond with him, including attempts to engage Mr. Nelson in a Rule 26(f) conference. (Freeman Decl. ¶ 6, and Ex. B.) ARRT also provided Mr. Nelson its Rule 26(a)(1) initial disclosures, although Mr. Nelson has never provided any to ARRT. (*Id*. Ex. C.) Mr. Nelson's responses to ARRT's attempts to communicate were, at that point, non-existent. (*See id*. ¶¶ 6-7.)

On May 26, 2005, ARRT sent Mr. Nelson a letter proposing a settlement. (Freeman Decl. ¶ 8, and Ex. D.) By a letter dated June 1, 2005, Mr. Nelson responded to ARRT. (*Id*. Ex. E.) This was the first communication ARRT received directly from Mr. Nelson. Mr. Nelson's letter stated that he agreed to the settlement terms listed in ARRT's May 26 letter. (*Id*.) On June 6, 2005, ARRT sent a letter to Mr. Nelson confirming receipt of his June 1 letter, and informing him that a draft settlement agreement would follow. (*Id*. ¶ 10, and Ex. F.)

On June 15, 2005, ARRT sent the draft proposed settlement agreement to Mr. Nelson. (Freeman Decl. ¶ 11, and Ex. G.) Among other things, ARRT requested that Mr. Nelson review the draft carefully and, if he wished, contact an attorney to review the draft as well. (*Id*. Ex. G) As always, ARRT invited Mr. Nelson to call ARRT's counsel with any questions. (*Id*.)

In the meantime, on June 24, 2005, the Court issued its order directing Mr. Nelson to respond fully to ARRT's Complaint. As a courtesy, ARRT forwarded a copy of the Court's order to Mr. Nelson. (Freeman Decl. Ex. H.)

3977779v1

On July 28, 2005, having heard nothing from Mr. Nelson, ARRT sent another letter reminding him that he had not complied with the Court's June 24, 2005 Order. (Freeman Decl. ¶ 13, and Ex. I.) ARRT stated that it was still willing to enter the settlement agreement which the parties had previously discussed . However, if it heard nothing from Mr. Nelson by August 22, it would move for entry of default. (*Id.*)

On August 11, 2005, ARRT's July 28 letter to Mr. Nelson was returned to ARRT by the U.S. Postal Service. (Freeman Decl. ¶ 14, and Ex. J.) ARRT learned that Mr. Nelson's post office box had been closed and that he provided no forwarding address. This was the first time that any piece of correspondence directed to Mr. Nelson was returned to ARRT. (*Id.* ¶ 14.) On that same day, ARRT attempted to re-send its July 28 letter to Mr. Nelson via certified mail, this time using the physical street address ARRT originally had for Mr. Nelson at which ARRT effected service on him back in January. (*Id.* Ex. K.) On August 22, 2005, this letter also came back to ARRT, and also indicated that there was no forwarding address for Mr. Nelson. (*Id.* ¶ 15, and Ex. L.) To date, ARRT has received no further communications from Mr. Nelson, whose current whereabouts are unknown. (*Id.* ¶ 16.)

## ARGUMENT

ARRT has been diligent in its efforts to communicate with Mr. Nelson, who is a pro se defendant. Mr. Nelson has responded to ARRT's attempts only one time, and since then ARRT has heard nothing more. ARRT has made every attempt to satisfy its obligations under the Rules of Civil Procedure, including trying to engage Mr. Nelson in a Rule 26(f) conference and providing Mr. Nelson with initial disclosures, but he has not

reciprocated and has made it impossible for ARRT to proceed further. Mr. Nelson has even failed to keep ARRT and the Court apprised of his whereabouts. ARRT can do nothing more at this point except move for entry of default.

Pursuant to Fed. R. Civ. P. 12(a), Mr. Nelson was required to answer or otherwise plead 20 days after being served. According to Fed. R. Civ. P. 8(b), he was required to answer ARRT's Complaint by "stat[ing] in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies."

This Court's June 24, 2005 order further directed Mr. Nelson about his obligation: "Nelson shall, by 7/20/2005 respond to the Complaint in the manner required by Rule 8(b) or risk being defaulted." Defendant Nelson has never complied with the requirements of Rule 8(b) or the Court's order directing him to answer ARRT's Complaint, as he did not file any pleadings after his April 8, 2005 "Clarifications."

Furthermore, ARRT can no longer locate Defendant Nelson, as neither the physical address at which service was effected nor the post office box Nelson provided to the Court are valid addresses any longer. Nelson left no forwarding address with the Postal Service. Thus, Mr. Nelson has violated Local Rule 83.5.2(e), which requires in part that "each party appearing pro se is under a continuing duty to notify the clerk of any change of address and telephone number."

Because Defendant Nelson has never filed a responsive pleading that comports with either Rule 8(b) or the Court's June 24 order and because Mr. Nelson has failed to

keep the Court apprised of his current address, ARRT is entitled to entry of default under Fed. R. Civ. P. 55.

Dated: September 1, 2005

Respectfully submitted,

CHOATE HALL & STEWART LLP

By: _____
Robert M. Buchanan, Jr. (Bar No. 545910)
Mark S. Freeman (Bar No. 636290)
53 State Street
Boston, Massachusetts 02109-2804
Telephone: (617) 248-5027
Facsimile: (617) 248-4000

AND

DORSEY & WHITNEY LLP
   James K. Langdon II (MN #0171931)
   Kimberly Fuhrman (MN #0301772)
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
*Attorneys for Plaintiff and Counterclaim Defendant American Registry of Radiologic Technologists*

3977779v1